UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMIAH JOHN CHERRY, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-11206 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| COOK COUNTY SHERIFF'S OFFICE, ) | |
| COOK COUNTY DEPARTMENT OF ) | |
| CORRECTIONS, and THOMAS DART, as ) | |
| Sheriff of Cook County, and Administrator of ) | |
| the Cook County Department of Corrections | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Jeremiah John Cherry, brings this suit against the Cook County Sheriff's Office, the Cook County Department of Corrections, and Cook County Sheriff Thomas Dart in his official capacity, alleging that the defendants violated his Eight Amendment rights. The defendants now move this Court to dismiss this case for failure to state a claim on which relief may be granted. For the reasons set forth below, that motion [27] is granted.

**Background**

The following allegations from the second amended complaint are taken as true for the purpose of ruling on the present motion. Cherry has been incarcerated in the Cook County Department of Corrections since 2013. Beginning in 2014, Cherry periodically suffered from hives, hand numbness, partial blindness, and swelling of the face, lips, throat, and tongue. These symptoms arose throughout 2014 and 2015 and were treated by physicians at Cermak Health Services of Cook County. On two occasions, Cherry had to be hospitalized after swelling of his throat and tongue interfered with his ability to breathe.

1

In April 2015, Cherry was sent to the John H. Stroger Jr. Hospital of Cook County for an allergy test. Cherry never received the results of that test. A physician in the Cook County Jail separately informed Cherry that his reactions were likely the result of mold exposure, although only a specialist could ultimately make that determination. Cherry was never allowed to return to Stroger to see a specialist, and continued to be housed in Division 1 of the Cook County Jail, where mold was colonizing the walls and ceiling. Cherry filed multiple inmate grievances requesting treatment, an appointment with an allergy specialist, or the results of his allergy test. After those grievances were unsuccessful, Cherry initiated the present action.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

As an initial matter, this Court notes that Cherry does not object to dismissing the Cook County Sheriff's Office and the Cook County Department of Corrections because those defendants

are not separate legal entities from the Cook County Sheriff. Accordingly, those defendants will be dismissed.

In order to find governmental agencies or employees liable in their official capacities in a Section 1983 action, a plaintiff must show that he suffered injuries of a constitutional magnitude as a result of an official policy, practice, or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 591, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to state a viable section 1983 claim, a plaintiff must allege that his injury was caused by (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not expressly authorized, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). Although a plaintiff asserting a *Monell* claim is not held to a heightened pleading standard, a plaintiff must plead factual content sufficient to support a reasonable inference that the City maintained a policy, custom, or practice that caused a constitutional violation. *McCauley v. City of* Chicago, 671 F.3d 611, 616 (7th Cir. 2011).

As an initial matter, this Court notes that, although the Eighth Amendment is not directly applicable to pretrial detainees, its protections extend to pretrial detainees under the Fourteenth Amendment's Due Process Clause. *Zentmyer v. Kendall Cnty, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Dart contends that Cherry has failed to adequately state a claim against him because Cherry has not alleged a widespread policy, practice, or custom of violating pretrial detainees' constitutional rights. Cherry does not address this contention. Instead, Cherry asserts that to be held liable, a defendant must be personally responsible for the deprivation of a constitutional right. The standard that Cherry recites, however, is the standard for individual capacity claims under section 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Here, Cherry's second amended complaint

unequivocally states that Dart is being sued in his official capacity. Thus, Cherry's arguments concerning the standard for individual capacity claims are unavailing.

Cherry's second amended complaint does not allege the existence of an official policy, practice, or custom sufficient to establish *Monell* liability with respect to the Cook County Sheriff. Although Cherry alleges that "[t]he Defendants' above-mentioned actions and/or omissions were committed under color of law, pursuant to policies, customs, practices, rules, regulations, ordinances, statutes, and/or usages of the State of Illinois or a political subdivision thereof," that conclusory allegation is inadequate to establish a *Monell* claim against the Cook County Sheriff. *Manney v. Monroe*, 151 F. Supp. 2d 976, 1000 (N.D. Ill. 2001). Moreover, Cherry's allegations of repeated failures to provide him with appropriate medical care, absent more, are inadequate to allege that an official policy, practice, or custom of the Cook County Sheriff gave rise to those failures.

**Conclusion**

For the foregoing reasons, the defendants' motion to dismiss [27] is granted. This case is dismissed with prejudice with respect to the Cook County Sheriff's Office and the Cook County Department of Corrections and without prejudice with respect to Cook County Sheriff Thomas Dart. Cherry is granted 28 days from entry of this order to file a motion for leave to file an amended complaint; otherwise his second amended complaint will be dismissed with prejudice as to all defendants.

SO ORDERED.

Sharon Johnson Coleman
United States District Court Judge

DATED: November 30, 2016