# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEREMIAH JOHN CHERRY, | ) |
| Plaintiff, | ) Case No. 15-cv-11206 |
| v. | ) Judge Sharon Johnson Coleman |
| COOK COUNTY SHERIFF'S OFFICE, COOK COUNTY DEPARTMENT OF CORRECTIONS, and THOMAS DART, as Sheriff of Cook County, and Administrator of the Cook County Department of Corrections | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jeremiah John Cherry, brings this suit against Cook County Sheriff Thomas Dart in his official and individual capacity, alleging that Dart violated his Eight Amendment and Fourteenth Amendment rights. Dart now move this Court to dismiss this case for failure to state a claim on which relief may be granted. For the reasons set forth below, that motion [54] is granted and Cherry's third amended complaint is dismissed without prejudice as set forth below.

**Background**

The following allegations from the third amended complaint are taken as true for the purpose of ruling on the present motion. Cherry has been an inmate in the Cook County prison system since January 21, 2013. In 2014, Cherry began to suffer from medical issues including hives, hand numbness, partial blindness, and swelling of the face, lips, and tongue. These symptoms arose repeatedly and required multiple hospitalizations after they interfered with Cherry's ability to breathe. In April 2015, Cherry was sent to the Stroger Hospital for an allergy test. Following that test, a jail physician informed Cherry that his reactions were likely due to mold exposure, but that

1

only an expert could make that determination. At a subsequent visit to Stroger, it was determined that Cherry experienced adverse allergic reactions to dust mites, mold, and cockroaches.

Cherry was not allowed to subsequently return to Stroger to see an allergy specialist, and his grievances concerning his condition have all been denied or ignored by prison employees. Cherry was housed in Division 1 of the Cook County Jail for three years, and during that time he personally observed mold colonizing the walls and ceiling.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

In order to find governmental agencies or employees liable in their official capacities in a Section 1983 action, a plaintiff must show that he suffered injuries of a constitutional magnitude as a result of an official policy, practice, or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to state a viable official capacity claim, a plaintiff must

therefore allege that his injury was caused by (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not expressly authorized, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority. *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). Although a plaintiff asserting a *Monell* claim is not held to a heightened pleading standard, a plaintiff must plead factual content sufficient to support a reasonable inference that the defendant maintained a policy, custom, or practice that caused a constitutional violation. *McCauley v. City of* Chicago, 671 F.3d 611, 616 (7th Cir. 2011).

Here, Cherry has not alleged the existence of any policy or widespread practice giving rise to the constitutional harm that he alleges. The specific constitutional harm that Cherry alleges is predicated upon his allergy to mold and his subsequent exposure to mold in the Cook County Jail. Cherry, in his response, asserts that he has sufficiently alleged a *Monell* claim because he has alleged that Dart had a custom of allowing mold to colonize in Division 1 jail cells. This allegation, however, does not comport with Cherry's complaint, which alleges harm based on the combination of permitting mold to colonize the cells and placing prisoners like Cherry who are allergic to mold in those cells. Cherry's allegation regarding the mold, moreover, is a single allegation of localized unconstitutional conduct that is insufficient to establish the existence of a policy or custom. *Summers v. Sheahan*, 883 F. Supp. 1163, 1172 (N.D. Ill. 1995) (Castillo, J.) (citing *City of Oklahoma v.* Tuttle, 471 U.S. 808, 822–823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). Cherry also has not plausibly alleged that Sheriff Dart was the cause of his constitutional injury. Although Cherry alleges that Dart "knowingly allowed mold to colonize the interior of Division I," Cherry offers no factual allegations suggesting that Dart had knowledge of the mold in Cherry's cell, of the grievances that Cherry filed, or of Cherry's mold allergy. Cherry has therefore failed to sufficiently allege a claim against Dart in his official capacity.

Cherry also alleges that Sheriff Dart violated his constitutional rights while acting in his individual capacity. In order to proceed against a defendant in their individual capacity, a plaintiff must show that the defendant was personally involved in depriving him of his constitutional rights. *Hildebrandt v. Ill. Dept. of Natural Res.,* 347 F.3d 1014, 1039 (7th Cir. 2003). The conduct giving rise to the constitutional deprivation must occur at the defendant's direction or with his knowledge and consent. *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Here, Cherry has failed to allege any facts sufficient to suggest that Dart had knowledge of the mold in Division I or the plaintiff's medical needs, or that he in any way consented to the allegedly unconstitutional conduct at issue. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1995) (affirming the dismissal of counts alleging localized, non-systematic constitutional violations that the Sheriff could not be expected to have known of or participated in). Although Cherry argues that Dart was given "fair warning" of the adverse effect that mold had on him when he was sent to Cermak Health Services, Cherry has not plausibly alleged that Dart personally had any knowledge of that visit, of the mold growing in Division I, or of the health risk that that mold would pose to Cherry.

**Conclusion**

For the foregoing reasons, Dart's motion to dismiss [54] is granted. This Court acknowledges that it has previously dismissed a prior version of Cherry's complaint for failure to state a claim. Nevertheless, in light of *Antonelli v. Sheahan* this Court is reluctant to dismiss Cherry's claims with prejudice at this juncture in the proceeding. Cherry's claims of a mold infestation constitute the sort of systematic constitutional violation contemplated by *Antonelli* and, in this Court's estimation, the manifest interest of justice warrants affording Cherry one final opportunity to adequately state his constitutional claim notwithstanding the fact that Cherry has been represented by appointed counsel throughout this proceeding. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428–29 (7th Cir. 1996) (recognizing that the dismissal of a pro se complaint on grounds that it fails

4

to allege the active personal involvement of an official is inappropriate where the official's position justifies an inference that the official had some direct involvement in the alleged violation, such as when the claim concerns potentially systematic constitutional violations).  Accordingly, Cherry's third amended complaint is dismissed without prejudice.  Cherry is granted 28 days from the entry of this order to file a motion for leave to file an amended complaint that sets forth in specific detail how the proposed amended complaint rectifies the deficiencies identified in this order.  If such a motion is not timely filed, Cherry's third amended complaint will be dismissed with prejudice.

    SO ORDERED.

Sharon Johnson Coleman
United States District Court Judge

DATED: May 19, 2017